### DUNHAM *v.* KIMBALL and others.

*(Circuit Court, D. Massachusetts. September 5, 1883.)*

PATENTS FOR INVENTIONS—INFRINGEMENT.
    Claims 1, 2, and 3 of patent No. 184,281, granted to Henry Dunham, August 18, 1874, for an improvement in machines for driving nails in boots and shoes, are infringed by the nailing machine made by J. E. Kimball, but the fourth claim in said patent is not infringed by said machine.

In Equity.
*Charles H. Drew,* for complainant.
*James E. Maynadier,* for defendants.
Before LOWELL and NELSON, JJ.
LOWELL, J. The plaintiff is the owner of three patents for improvements in machines for driving nails in boots and shoes, invented by her husband, Henry Dunham, two of which are relied upon in this suit. Dunham conceived the idea of a machine to drive nails with heads by combining parts of two old machines. There were old and well-known machines for driving nails into separate pieces of leather, called tack-leathering machines; and other machines for feeding and pegging soles automatically with nails or pegs which had no heads. Dunham united the feeding and nail-driving devices of one class of machines with the devices for delivering and centering nails with heads which were found in the other class. He made no substantial change in the several devices. This is the patent, No. 154,129, dated August 18, 1874. He soon after made improvements in the machine, and obtained the second patent, No. 184,281, dated November 14, 1876, but applied for August 10, 1874. The chief value of the improvement described in the first patent seems to be in

the idea of combining the two old machines. As a working nail-driving apparatus, the machine described in the second patent is much better; and we are of opinion that a reasonably liberal construction should be given in favor of the person who both originated the idea and made, for the first time, a good machine; but that it is better to apply this construction to the second patent, which describes the commercially successful result. The specification of No. 184,281 declares that the improvement consists of—

"A rotary shaft, with a cam, for the raising of the driver, and a spring for the purpose of forcing of the driver downward onto the nail; in combination with an automatically operating nail reservoir, and automatically moved ways on which the nails are conducted to a side opening in the lower part of a stationary tube, through which the driver descends as soon as the nail has entered the tube. The side opening in the aforesaid stationary tube is closed by an automatically moved picker as soon as the nail has entered the stationary tube, and a pair of elastic springs on each side of the stationary tube serve for the purpose of centering the nail previous to its being driven."

The description of the machine and its operation, so far as we are concerned with it, may be thus given:

A reservoir supplies nails to an inclined nailway, or track, of a form already well known, consisting of two parallel rails upon which the nails slide by their heads, called nailways (plural) in the patent. These ways have an adjustable cover, said to be new, which has two functions, to assist in holding and guiding the nails in their course down the ways, and to close the end of the nailway during a part of the operation. The ways reciprocate in and out of the throat of the nail tube. The operation of driving a nail is this. The ways move forward into the nail tube; at this time, the lower or springing end of the cover is lifted, and a thin blade of iron is thrust between the lowest nail and the others; the ways are drawn back, and the lowest nail is left in the tube and is driven by the driver. As the ways recede, the lower part or end of the cover is released and snaps over the nails.

The defendant J. E. Kimball was formerly in partnership with Dunham, and had an interest in the patents. Since their separation, he has made a nailing machine, which, in his opinion, does not infringe the plaintiff's patents. The other defendant, Merritt, is not now interested in the case, and is a witness for the plaintiff.

The opening general description of Dunham's specification would nearly describe the defendant's machine. There are certain differences upon which the question of infringement turns. The defendant has a mechanism for feeding the leather which differs from that of the plaintiff; but both are old. He has stationary inclined ways, which extend to an opening in the side of the nail tube. These ways are met by what he calls a fork, which is a piece of iron, divided in the middle, like a section of the nailways. This fork reciprocates in and out of the nail tube in the opposite direction from the reciprocating nailways of the plaintiff. When a nail has slid down upon this fork, a thin blade moves forward and separates it from the body of nails; the fork then recedes, and leaves the nail in the tube to be driven.

The plaintiff contends that the part which the defendant calls a fork is really a portion of the nailways; and that it reciprocates for the same purpose, and with the same effect as the whole track or way reciprocates in the patent; and that, in truth, the mode of operation of the two machines is substantially similar.

The defendant insists upon the differences between the two organizations, which all depend upon the fact that the defendant's machine has no spring to stop or protect the end of his nailway. In all other respects the machines are alike. The piece called a fork is one with the nailway, and a part of it when the nail is delivered into the throat of the nail tube; the separator acts in the same way to divide the lowest nail from the others; the fork, which, when at rest, was a part of the nailway, recedes, and the nail is driven in the same way as in the plaintiff's machine. The difference is that the nailway is cut in two and the lower end moves in the opposite direction from that in which the plaintiff's nailway moves. The part of the cover which acts as a stop is not needed, and is not present in the defendant's machine. We doubt its being an essential part of the plaintiff's machine. At any rate it is distinctly and separately described and claimed. We agree with the plaintiff that the fair construction of his patent will cover the defendant's machine.

The fourth claim, which contains, as an element, the stop, or springing end of the cover, is not infringed. Claims 1, 2, and 3—which are for combinations, (1) of the nailway and nail tube, (2) of the nail tube with an opening in its side, and the picker (or separator) and nailways, and (3) the ways and the adjustable cover—are infringed.

Decree for the complainant.